| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>CORY REID,<br><br>                              Plaintiff,<br><br>    -against-<br><br>WARDEN MATTHEWS, *et al.*,<br><br>                              Defendants.<br>----------------------------------------------------------------X | **REPORT AND<br>RECOMMENDATION**<br><br>19-CV-324 (AMD) (ST) |

**TISCIONE, United States Magistrate Judge:**

On January 10, 2019, Plaintiff Cory Reid filed this action *pro se* under 42 U.S.C. § 1983, alleging violations of his constitutional rights by the Brooklyn Detention Complex (BDC) warden, several corrections officer, and the City of New York; he seeks compensatory and punitive damages. Compl., ECF No. 1. After Reid failed to appear at several conferences and failed to respond to this Court's orders, the defendants filed the present motion to dismiss for failure to prosecute. *See* Mot., ECF No. 36. Reid leaves this Court with no choice but to recommend that the District Court GRANT the motion and dismiss the action.

    A. **Factual Background**

Reid brought this action after he was terminated from his employment at the BDC Law Library while detained at the BDC. Compl. at 5. He alleges that he was retaliated against by certain officers in the facility and the warden; he alleges that his equal protection rights were violated; he alleges that the City of New York failed to train its officers on how to intervene in the event of a constitutional deprivation; he alleges that certain officer failed to intervene when he was terminated; he alleges that his grievances were not filed in accordance with "normal prison procedure"; and he alleges that he was subjected to cruel and unusual punishment when one of the officers was deliberately indifferent to his asthma attack. Compl. at 19–24.

On April 11, 2019, the District Court dismissed the equal protection claim and Reid's failure to intervene claim against the City of New York. *See* Mem. & Order, ECF No. 14, at 7.

1

The District Court allowed the remaining claims to proceed against the individual defendants. *Id.* at 8.  On July 18, 2019, this Court entered a scheduling order directing all parties to attend an in-person initial conference on September 20, 2019.  *See* ECF No. 27.[1]  Reid did not attend the September 20 conference.  *See* Min. Entry, ECF No. 31.  This Court adjourned the initial conference to October 28, 2019.  *Id.*  In the electronic minute entry, which was mailed to Reid at his last-known address, this Court expressly ordered Reid to appear at the conference and "warned that failure to appear may result in the Court recommending that this case be dismissed for failure to prosecute." *Id.*  Once again, however, Reid failed to appear at the October 28 conference.  Min. Entry, ECF No. 34.  In the minute entry, this Court indicated that the defendants intended to file a motion to dismiss for failure to prosecute.  *Id.*  This court directed the defendants to file that motion by November 11, 2019 and warned that "[i]f [Reid] does not respond to the motion by December 11, 2019, the Court will deem the motion unopposed and recommend that this case be dismissed for failure to prosecute." *Id.*

The defendants filed a motion to dismiss for failure to prosecute on November 12, 2019.[2] Mot., ECF No. 36.  The defendants allege that they sent Reid two separate requests in May 2019—namely, authorizations for the release of medical records and an authorization to unseal documents to access Reid's criminal records.  Mem. Supp. at 3.  The defendants allege that Reid did not respond to either request. *Id.*  Nor did Reid respond to a third request that was sent in July 2019 or a fourth request that was sent in August 2019. *Id.*  The Honorable Ann M. Donnelly referred the motion to me on April 9, 2020.  *See* Order Referring Mot.

**A. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating district courts can dismiss cases pursuant to

---

[1] Reid was released from custody prior to the filing of his complaint in this matter.  *See* Mem. & Order, at 1 n.1.

[2] The Court notes that November 11, 2019 was Veterans Day, a legal holiday, and thus the November 12 filing was timely.  *See* Fed. R. Civ. P. 6(a)(1)(C).

2

their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

   1. *Delay of Significant Duration*

Reid has failed to prosecute this case since at least May 2019. The defendants allege that Reid has failed to respond to four sets of requests for executed Releases, beginning in May 2019, which the defendants allege are necessary in order for the defendants to investigate the allegations in the complaint. *See* Mem. Supp. at 6.

When assessing the duration of the delay, courts consider (1) whether the delays were attributable to the Plaintiff and (2) the duration of the delay. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). In this case, the length of the delay that is attributable to Plaintiff's absence is approximately one year—because of the Plaintiff's absence, counsel could not move forward with the case. A nine-month delay is sufficient to favor dismissal, as courts have found delays of only a few months to be sufficient for dismissal. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); *see also Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

Additionally, courts find that a delay is "significant" if the delays "are entirely attributable to plaintiff." *Caussade*, 293 F.R.D. at 629. In this case, Reid has failed to respond to the defendants' requests and repeatedly neglected court orders to appear at conferences. This factor favors dismissal because the delay was "significant," as it was approximately one year, and entirely attributable to the conduct of Plaintiff.

2. *Notice that Further Delays Would Result in Dismissal*

The second factor asks whether the party was given notice that further delays would result in dismissal. Courts tend to favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). Plaintiff was given explicit notice in this case—in its September 20, 2019 Minute Entry, the Court stated: "Plaintiff is ordered to appear at [the next] conference and is expressly warned that failure to appear may result in the Court recommending that this case be dismissed for failure to prosecute." Min. Entry, ECF No. 31. Again, in its October 29, 2019 Minute Entry, the Court stated: "If Plaintiff does not respond to the motion [to dismiss for failure to prosecute] by

4

December 11, 2019, the Court will deem the motion unopposed and recommend that this case be dismissed for failure to prosecute." Min. Entry, ECF No. 34. This Court gave ample warning that Reid's failure to appear would result in a recommendation of dismissal. Given the repeat and explicit warnings, this factor also favors dismissal of the action.

   *3. Prejudice to Defendant Resulting from Further Delays*

The third factor asks whether the Defendant would be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). This Court presumes that the Defendant would be prejudiced based on the lengthy one-year delay for which Plaintiff has offered no excuse. The defendants additionally state that they will be severely prejudiced if the motion is denied because they continue to expend litigation resources without an opportunity to investigate the underlying allegations in the complaint. This factor, too, favors dismissal.

   *4. Balance Between Calendar Congestion and the Opportunity to be Heard*

In the fourth *Drake* factor, this Court is charged with balancing the goal of reducing its calendar congestion with a litigant's right to be heard. In evaluating whether the proper balance is found in a given case, courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. Despite ample opportunities, Reid has shown no interest in litigating this case by refusing to communicate with counsel, failing to appear at court-ordered conferences, and

5

refusing to respond to a motion to dismiss for failure to prosecute. As such, this Court finds that it has struck the proper balance between its competing obligations and thus this factor also favors dismissal.

### 5. Consideration of Lesser Sanctions

Lastly, this Court should consider whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). As there is no indication that Reid will *ever* respond to the defendants' requests, appear for an in-person conference, or respond to this Court's orders, a lesser sanction would likely not have *any* effect and would unnecessarily prolong this litigation. In these circumstances, this Court finds that the only remedy that would have any efficacy in the context of this litigation is the sanction of dismissal.

## B. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I respectfully recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[3] Counsel for the defendants is directed to forward a copy of this R&R to the plaintiff and file proof of service with this Court within ten (10) business days.

## C. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States

---

[3] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       May 8, 2020